UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. TURREY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN JAMES D. HARTLEY, et. al,<br><br>　　　　　Defendants. | ) Case No.: 1:11-cv-01700 JLT (PC)<br>)<br>) ORDER DISMISSING COMPLAINT WITH<br>) LEAVE TO AMEND<br>)<br>) (Doc. 1)<br>)<br>)<br>)<br>) |

　　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint filed on October 12, 2011. (Doc. 1) As is required, the Court now screens the complaint and for the reasons set forth below, the Court **ORDERS** the matter be **DISMISSED** with leave to amend.

**I.　Screening Requirement**

　　　　Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous."  A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

///

///

## II.   PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

Iqbal, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. Id. The Court may grant

leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III.   PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on June 8, 2011, he was involved in a prison riot. (Doc. 1 at 4) During the melee, Plaintiff was shot in the elbow with a 40 mm launcher. Id. at 2. After the event ended, Plaintiff was seen by LVN C. Baker who failed to recognize the extent of his elbow injury. (Doc. 1 at 5) Baker determined only that Plaintiff suffered a scratch and an abrasion. Id.

The next day, a medical technician came by Plaintiff's cell and asked whether Plaintiff was "ok." (Doc. 1 at 6) Plaintiff told him "no" and reported his elbow was injured and swollen. Id. The technician advised Plaintiff to make a sick call request, which he did. Id.

On August 10, 2011, Plaintiff was seen at the medical clinic and the technician initially diagnosed Plaintiff as suffering from a staff infection. (Doc. 1 at 6) However, when Plaintiff reported that he had been struck by a projectile from the launcher during the riot, the technician reevaluated the circumstances. Id. Within an hour, Plaintiff underwent x-rays and it was discovered that he had a shattered elbow which involved ligament damage. Id. On June 17, 2011, Plaintiff was taken for surgery at an outside hospital which, apparently, was successful. (Doc. 1 at 7)

Plaintiff complains that he suffered a violation of the Eighth Amendment due to the misdiagnosis on the date of the riot which caused him to suffer a two-day delay in treatment.

### A.   Eighth Amendment – Inadequate Medical Care

To state a claim for constitutionally inadequate medical care under the Eighth Amendment, the

3

plaintiff must allege that (1) he objectively has a "serious medical need" and (2) that the defendant subjectively responded with "deliberate indifference" to that need. <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104); accord <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (2006); Clement, 298 F.3d at 904. Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." <u>McGuckin</u>, 974 F.2d at 1059-60 (citing <u>Wood v. Housewright</u>, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

"Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). It is not met through a showing of medical malpractice and requires "more than mere negligence or isolated occurrences of neglect." Wood, 900 F.2d 1334; see also <u>Toguchi</u>, 391 F.3d at 1060; <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (mere medical malpractice insufficient to constitute Eighth Amendment violation); <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988). Instead, it requires a showing of "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." <u>Id.</u>; <u>McGuckin</u>, 974 F.2d at 1060.

Here, Plaintiff contends that merely because Baker improperly diagnosed him, he suffered a violation of the Eighth Amendment; not so. Plaintiff has alleged no facts that demonstrate the Baker acted in such a way that can be said to be "repugnant to the conscience of mankind." <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-106 (1976). Instead, as Plaintiff admits, Baker **negligently** failed to appreciate the full extent of Plaintiff's injury. (Doc. 1 at 5) This does not demonstrate conduct which violates the United States Constitution. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Id</u>. Thus, Plaintiff has not stated a claim under the Eighth Amendment.

**B.     Failure to link Defendant Hartley to any alleged constitutional violation**

To state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict

the constitutional injury." Johnson, 588 F. 2d at 743-744. There must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691-92 (1978); Rizzo, 423 U.S. at 370-71; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). The complaint must specifically allege how each named defendant is liable for the claimed deprivation.

However, Plaintiff fails to describe any wrongful action taken by Defendant Hartley. (Doc. 1) At most, he seems to imply that because Hartley is the Warden, every tortious act that is committed by those working at the prison implicates his personal liability; it does not. There is no respondeat superior liability under 42 U.S.C. § 1983. Palmer v. Sanderson, 9 F.3d 1433, 1437-38 (9th Cir. 1993); Monell, 436 U.S. at 691 (the supervisor of someone who allegedly violated a plaintiff's constitutional rights is not made liable for the violation by virtue of that role). "Liability under § 1983 arises only upon a showing of personal participation by the defendant. (Citation.) A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under § 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citation omitted.

Plaintiff does not present any facts–and, in fact, does not even contend–that Defendant Hartley had any personal role in the medical care Plaintiff received, that he condoned it or was even aware of it. Thus, Plaintiff has not stated a claim against Defendant Hartley and the complaint must be **DISMISSED**.

### C.   Eleventh Amendment Immunity

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphar Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir.1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir.1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). An entity responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-1399 (9th cir.1993) (en banc).

1  Because the Avenal Medical Department and the California Department of Corrections and
2  Rehabilitation are state agencies for the purposes of the Eleventh Amendment, they are immune from
3  suit and Plaintiff cannot state a claim against them. Hishon v. King & Spalding, 467 U.S. 69, 73
4  (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners
5  Ass'n, 651 F.2d 1289, 1294 (9th Cir.1981).  Thus, these defendants must be **DISMISSED without**
6  **leave to amend.**

### VI. Leave to Amend

8  The Court will provide Plaintiff a final opportunity to amend his pleading to cure the
9  deficiencies noted in this order as to Defendants Baker and Hartley. See Noll v. Carlson, 809 F.2d
10 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint
11 unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.")
12 (internal quotations omitted). In his second amended complaint, **Plaintiff must address the**
13 **deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order**
14 **dismissing this action.**

15 In addition, Plaintiff is cautioned that in his first amended complaint, he may not change the
16 nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith,
17 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he
18 files his first amended complaint, his original pleadings are superceded and no longer serve any
19 function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the first amended
20 complaint must be "complete in itself without reference to the prior or superceded pleading." Local
21 Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an
22 amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations
23 omitted).

### IV. CONCLUSION

25 Accordingly, it is **HEREBY ORDERED** that:
26 1. As to Avenal Medical Department and the California Department of Corrections and
27    Rehabilitation, Plaintiff's complaint (Doc. 1) is **DISMISSED without leave to amend**;
28

6

2. As to Defendants Baker and Hartley, Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";

3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **December 3, 2012**              **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE