1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   ROBERT A. TURREY,                    )   Case No.: 1:11-cv-01700 JLT (PC)
                                          )
12                    Plaintiff,          )   **ORDER DISMISSING COMPLAINT FOR**
                                          )   **FAILURE TO PROSECUTE**
13         v.                             )
                                          )
14   WARDEN JAMES D. HARTLEY, et. al,     )
                                          )   (Doc. 6).
15                    Defendants.         )
                                          )
16   _____)

17         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. §

18   1983.   On December 3, 2012, the Court dismissed Plaintiff's Complaint, but allowed him to file an

19   amended complaint by January 7, 2013 to address the deficiencies outlined by the Court.  (Doc. 6).

20   The Court's order also warned Plaintiff that if he failed to comply with the order, his matter would be

21   dismissed.  (Id.).   Despite the Court's order and warning, Plaintiff has failed to amend his complaint.

22         **Discussion and Analysis**

23         "District courts have inherent power to control their dockets," and in exercising that power, a

24   court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los

25   Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a

26   party's failure to prosecute an action or failure to obey a court order, or failure to comply with local

27   rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9 th Cir. 2995) (dismissal for failure to comply

28   with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

                                                      1

comply with an order requiring amendment of complaint); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Henderson</u>, 779 F.2d at 1423-24; *see also* <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Thomspon</u>, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See* <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure prosecute the action and filed his amended complaint with the Court as ordered.  Further, the factors in favor of dismissal outweigh the policy favoring disposition of cases on their merits.

In its December 3, 2012 order, the Court warned Plaintiff that if he failed to comply with the orders, the Court would dismiss the action.  (Doc. 6).   Since Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order, the requirement that the Court consider less drastic measures than dismissal of the action is satisfied.  <u>Ferdik</u>, 963 F.2d at 1262; <u>Henderson</u>, 779 F.2d at 1424.  Moreover, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

Accordingly, **IT IS HEREBY ORDERED**:

1.     This action is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to obey the Court's December 3, 2012 order; and

///

///

2.      The Clerk of Court IS DIRECTED to close this action because this order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **January 9, 2013**                    **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE